9046

*EX PARTE* OWENS.

*IN RE* DARLINGTON *ET AL.* v. BUSH *ET AL.*

(84 S. E. 875.)

LANDLORD AND TENANT. RENTS. JUDICIAL SALES. PURCHASERS. APPEAL
AND ERROR—COSTS.

1. JUDICIAL SALES—CROPS.—A purchaser at a judicial sale of lands
acquires all rights of the parties to the action in and to the standing
crops on the lands sold.
2. LANDLORD AND TENANT—JUDICIAL SALES—RENTS.—A purchaser of
lands at a judicial sale acquires the rights to all rents maturing, and
becoming due after the purchase.
3. COSTS.—Costs in equity cases are to be awarded in the discretion of
the Court.
4. APPEAL AND ERROR.—EQUITY CASES.—A finding of facts by the master,
concurred in by the Circuit Judge, will be affirmed, unless an error or
abuse of discretion on part of the Circuit Judge is shown.

Before GAGE, J., Barnwell, December, 1913. Affirmed.

Motion by L. V. Owens, a purchaser of lands at a judicial
sale in an action brought by *E. S. Darlington et al.* v. *W.
W. Bush et al.,* for foeclosure of a mortgage. The facts
are stated in the master's report, as follows:

FOOTNOTE.—As to right of purchaser at judicial sale with respects to
rents, see note in A. & E. Ann. Cas. 1912b, 398.

To the Honorable Court of Common Pleas for Barnwell
    County:

The above entitled proceedings, in the nature of an appli-
cation for a writ of assistance, having been referred to me,
as master, to ascertain as matter of law and fact what right,
if any, Key and Salinas, or Mackay, or either of them, has
to the crops or the proceeds thereof, I respectfully report:

That I held a reference on the 17th inst., when I was
attended by Mr. James E. Davis, attorney for the petitioner,
and by Messrs. G. M. Greene and R. C. Holman and Mr.
Darlington, attorneys for W. W. Bush and D. P. Key, and
heard the matter upon the agreed statement of facts and
records mentioned in the minutes of reference hereto
attached.

From the evidence and admissions I find as a matter of
fact that an action was commenced in this Court by service
of the summons and complaint on the defendants, W. W.
Bush and Dionicious Bush, to foreclose three mortgages
given on the lands described in the petition by their ances-
tress, L. A. Bush, under whom the said W. W. Bush and
Dionicious Bush claim title. The defendants in this action
were said W. W. Bush, Dionicious Bush, who were the
holders of the legal title to the land, and W. A. Holman and
J. O. Patterson and Mrs. Darlington and Miss Stoney, who
held mortgage liens thereon. The *lis pendens* in this action
was filed in the office of the clerk of this Court on May 23,
1913. Judgment and decree for foreclosure and sale of the
mortgaged premises, without any reservation of the growing
crops thereon, was rendered at the July, 1913, term of this
Court directing such sale by me, as master, on sales day in
October, 1913, when such sale was made, at which the peti-
tioner, Mrs. L. V. Owens, became the purchaser, complied
with the terms of sale and received from said master a deed
of conveyance of the said lands.

On the 8th of February, 1913, said W. W. Bush leased,
or rented, a portion of the said mortgaged lands, containing

thirty-five acres, more or less, bounded on the north by the
Barker estate, east by Mrs. Cuebine, south by J. O. Walker
and west by the estate of W. H. Mears, for seventy-five
dollars, to Tom Mackay, who gave the said Bush a rent lien
thereon for that amount, which is in writing under seal,
and was assigned to the Bank of Western Carolina on Feb-
ruary 11, 1913, as collateral to some indebtedness, which
was paid on October 17, 1913, so that bank is making no
claim under said rent lien, which was returned by it to said
W. W. Bush.

The said Tom Mackay thereupon entered upon said thirty-
five acres (a portion of the mortgaged premises) and planted
them with the crops mentioned in the petition in these pro-
ceedings.

On May 3, 1913, said Tom Mackay executed a mortgage
of said crops and delivered same to D. P. Key to secure
his note for $118, due October 1, 1913, with interest after
maturity at the rate of 8 per cent. per annum, which crop
mortgage was filed and recorded in the office of the clerk
of this Court on June 24, 1913.

On May 9, 1913, said W. W. Bush executed and delivered
a mortgage in writing on his crops then being grown on
eighty acres, portion of the mortgaged premises remaining
in his possession, to A. J. Salinas to secure certain advances
and as additional security to his note for one hundred and
sixty-eight dollars and fifty cents, dated on May 9, 1913.
and due October 15, 1913, which mortgage was recorded
in the office of the clerk of this Court on May 14, 1913, and
there said mortgage was assigned by said Salinas to said
D. P. Key in consideration of five dollars.

I conclude as matter of law that section 3633 of the Civil
Code, cited by counsel for the purchaser at the foreclosure
sale, has no application to the facts of this case; but what-
ever rights the defendant, Bush, had to the crops
growing upon the mortgaged lands during the year
1913 passed to Mrs. Owens, as purchaser at the

master's sale, inasmuch as said defendants were parties to the action and such crops were not reserved in the order for sale. *Hancock* v. *Caskey,* 8 S. C. 282, 286. The defendants, Bush, have no rights in said crops as against the petitioner, Mrs. Owens, who is entitled to a writ of assistance to compel them to turn over and deliver said crops in their possession to her.

I further conclude as matter of law that Tom Mackay having been in possession of the thirty-five acres, more or less, above mentioned as a tenant, under a written lease, dated the 8th of February, 1913, for a period not longer than twelve months (Code of Laws 1912, vol. I, sec. 3542) at the time action was commenced by service of the summons and complaint upon Bush, his landlord, was a proper party to said action, and not having been made a party thereto his interest, and the interest of D. P. Key, mortgagee claiming under Mackay, although the mortgage was not recorded until June 24, 1913, after the commencement of the action, in the crops grown by him upon said thirty-five acres of land was not affected by the decree and sale in foreclosure, and that said Mackay and Key have a right to hold said crops as against the petitioner, Mrs. Owens, who purchased at said sale, and is not now entitled to a writ of assistance to take said crops from Mackay and his mortgagee. *Ex parte Jenkins,* 48 S. C. 335, 336, 26 S. E. 686; *Title* v. *Kennedy,* 71 S. C. 9, 50 S. E. 544. But the rights of Mackay and Key to these crops is subject to the lien of the prior mortgages on said lands at the time that Mackay leased them, in January, 1913, and such lien, if necessary to the payment of the mortgage debt, may yet be enforced by proper proceedings against said crops in the hands of Mackay or Key. But these mortgages have been paid. In the same way the rights of Mackay to the possession of said thirty-five acres of land under his lease for the year 1913 not having been foreclosed in said foreclosure proceedings, he is entitled to withhold possession of said

thirty-five acres until either the expiration of his lease, December 31, next, or its termination for nonpayment of rent (secured by the lien given to W. W. Bush), or the foreclosure of the prior mortgage liens as against him.

I further conclude that when Mrs. Owens, the petitioner, purchased the interest of the defendants, Bush, in said lands, she acquired all their interest therein, including their interest in the rents for the land which were to become due after the date of her purchase—sales day in October, 1913.

It will be observed, as suggested by Judge Richardson in *Snyder* v. *Riley,* 28 S. C. L. (1 Speer's Law), star page 273, that the whole year's rent under the lease from Bush to Mackay did not become due until October 15, 1913, after the master's sale to Mrs. Owens; and I conclude that she is entitled as assignee of the rights of W. W. Bush in said lands, to enforce the lien which he held to secure the payment of the seventy-five dollars rent by Tom Mackay on and after October 15, 1913, and still has a right to do. This rent should be paid by Mackay, or those claiming under him, to Mrs. Owens, and not to Bush.

I further conclude as matter of law that A. J. Salinas, as mortgagee of the crops raised on the eighty acres above mentioned, cultivated by Bush, took his mortgage lien on said crop subject to the prior liens of the mortgages on lands foreclosed in the above mentioned action, and was a proper party to that action; but as he was not made a party to said action, and D. P. Key, his assignee of his rights under that mortgage, was not made such party, said assignee is not affected by said decree and sale in foreclosure; and said Key, as such assignee of Salinas, is entitled to enforce his mortgage lien upon the crops made on said eighty acres of land; and the petitioner, Mrs. Owens, is not entitled to a writ of assistance as against him; but his interest as mortgagee in said crops may be subjected to the lien of the superior mortgages on the lands by proper proceedings, if

necessary, to secure the payment of the mortgage debt. The superior mortgages on these lands have been paid. That Mackay and his mortgage, and Key, assignee, have reasonable time in which to gather the crops.

That respondents pay these costs.

The exceptions were as follows:

1. That it was error to hold that Thomas Mackay should have paid the year's rent to the petitioner, because on the face of the rent lien it became due and payable after she purchased the land; whereas, he should have held that neither the pleadings nor the order of reference tendered that issue for his decision.

2. That it was error to hold that the rent lien of Thomas Mackay, which he was to pay to W. W. Bush for part of the land in question for the year 1913, went with the lands to the purchaser at foreclosure sale; whereas, he should have held that the rent lien being in writing and having been duly assigned to the Bank of Western Carolina, who held it at the time of the sale of said lands as collateral security for a loan to W. W. Bush, and the bank not having been made a party to the foreclosure proceeding, it was not bound thereby, and the taking of said rent from the bank would be taking the property of the bank without due process of law.

3. That the bank held the said rent lien as a first lien upon the crop of Thomas Mackay and had a right to collect the same, independent of the purchaser at the foreclosure sale, and Thomas Mackay had a right, and it was his duty to pay, as he did pay, his rent to the legal owner and holder of said rent lien, and was thereby discharged from paying the rent to any other person.

4. That it was error for his Honor to have held the purchaser could take more of the rent of the said lands for the year 1913 than a *pro rata* share—that is to say, a proportion of the seventy-five dollars equal to that which would be

earned for the use of the land from sales day in October until the end of the year.

5. That it was error for the master to recommend that these respondents pay the costs.

*Messrs. G. M. Greene* and *R. C. Holman,* for appellants, cite: 42 S. C. 398.

*Mr. James E. Davis,* for respondent.

March 31, 1915.

The opinion was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Hon. Geo. W. Gage, Circuit Judge, confirming and approving the report of H. L. O'Bannon, Esq., master. The report of master fully sets out the facts of the case and will be reported. From the order of his Honor, Judge Gage, D. P. Key and Thomas Mackay appeal, and allege error in holding that Thomas Mackay should have paid the year's rent to the petitioner; and in holding that the rent lien of Thomas Mackay, which he was to pay W. W. Bush for part of the land for the year 1913, went to the purchaser at the sale under foreclosure; and in not finding and holding that the bank had first lien on crop of Thomas Mackay and had the right to collect the same; and that Thomas Mackay in paying the same as he did to the true lawful owner and holder of rent lien was discharged from paying the rent to any other person; and in holding that the purchaser got the whole rent for the year 1913; whereas, it should have been prorated and the purchaser should only have been decreed the proportion of the $75.00 equal to that which would be earned for the use of land from date of purchase in October until the end of the year; and allege it was error to require the respondents to pay the costs as recommended by the master.

We have a finding by the master concurred in by the Circuit Judge, and we fail to find any errors or abuse
4    of discretion on the part of his Honor as complained of by the appellants, and all exceptions are overruled, and judgment affirmed.

MR. JUSTICE GAGE, having heard this case on Circuit, took no part in the decision on appeal.